<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JERMAINE HORATIO DUSSARD, | : | |
| | | Civil Action No. 12-5369 (FLW) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| BRIAN ELWOOD, et al., | : | |
| | | |
| Respondents. | : | |

**APPEARANCES:**

    Petitioner <u>pro se</u>
    Jermaine Horatio Dussard
    1 Waterworks Road
    Freehold, NJ 07728

    Attorney for Respondents
    Jordan Milowe Anger
    Office of the U.S. Attorney
    970 Broad Street
    7th Floor
    Newark, NJ 07102

**WOLFSON,** District Judge

    Petitioner, Jermaine Horatio Dussard, an alien detained in connection with removal proceedings and currently confined at Monmouth County Correctional Facility, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging his pre-removal-

---

   [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

period mandatory detention, pursuant to 8 U.S.C. § 1226(c), in the custody of respondents. Petitioner paid the $5 filing fee. Respondents filed an Answer, Declaration, and Exhibits, and Petitioner filed a reply. All Respondents other than Warden Brian Elwood will be dismissed.[2]

For the reasons expressed in this Opinion, this Court holds that Petitioner's detention is governed by 8 U.S.C. § 1226(a) because the Department of Homeland Security ("DHS") did not take Petitioner into custody when he was released from criminal incarceration for a removable offense and grants the Writ of Habeas Corpus directing the Immigration Judge conduct a bond hearing pursuant to 8 U.S.C. § 1226(a)(2) to determine if Petitioner is a flight risk or danger to the community.

## I.  BACKGROUND

Petitioner, a native citizen of Jamaica, entered the United States as Lawful Permanent Resident on or about October 18, 1981. (Dkt. 1 at 3.) Petitioner notes several instances of incarceration related to criminal offenses in his Petition, but with reference to the issue of potential removal from the United States, he states that on September 21, 2007 he was taken into criminal custody for a removable offense and was released from that custody on February 26, 2009. (Dkt. 1 at 3-4.) Thereafter, Petitioner was not taken into custody in connection with immigration proceedings until June 26, 2012. (Dkt. 1 at 3-4.) He has remained in the custody of DHS since that date but has not received a bond hearing. (Dkt. 1 at 3.) In the instant Petition,

---

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2]Petitioner names as Respondents, in addition to the warden, various federal immigration officials. Such remote federal officials are not proper respondents; instead, the proper respondent is the warden of the facility where Petitioner is detained. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

Petitioner challenges his on-going detention, pursuant to 8 U.S.C. § 1226(c), while his removal proceedings are pending.

## II. RELEVANT STATUTES

Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending. The statute provides,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. <u>Except as provided in subsection (c)</u> of this section and pending such decision, the Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on-
>>
>>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>>
>>> (B) conditional parole; but
>>
>> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole
>
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

(Emphasis added.)

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides in relevant part that:

> The Attorney General <u>shall</u> take into custody any alien who -
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ...
>
> <u>when the alien is released</u>, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(Emphasis added). Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.[3]

### III. ANALYSIS

A.  <u>Jurisdiction</u>

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

---

[3]  There is no dispute that Petitioner's criminal convictions are of the type enumerated in § 1226(c).

4

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition.  Petitioner also asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c), and that it violates his due process rights.  See Zadvydas v. Davis, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); Bonhometre v. Gonzales, 414 F.3d 442, 445–46 (3d Cir. 2005).

B.	Petitioner's Detention

Here, Petitioner contends that DHS is permitted to subject a pre-removal-order detainee, such as himself, to mandatory detention under § 1226(c) only if it takes that detainee into custody immediately upon his release from a criminal sentence.  Accordingly, as he was not detained by immigration authorities at the time of his release from criminal confinement, Petitioner contends that he may be detained only under the discretionary detention provision of § 1226(a) and that he is entitled to a bond hearing.

Respondents argue, in reliance on Matter of Rojas, 23 I. & N. Dec. 117 (BIA 2001), that § 1226(c) is not so temporally limited.  In Rojas, the BIA held that the "when the alien is released" clause of § 1226(c) mandates that aliens who have been convicted of certain enumerated offenses be detained, without the possibility of release on bond, "regardless of when they were released from criminal confinement and regardless of whether they had been living within the community for years after their release." 23 I. & N. Dec. at 122.  Respondents argue that this Court should defer to the BIA construction of § 1226(c) under the principles the Supreme Court set forth in Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984), because the language of § 1226(c) is, at worst, ambiguous.  In Chevron, the Supreme

Court established a two-step framework for reviewing an administrative agency's interpretation of a statute. 467 U.S. at 842-43. Under step one, the Court must consider "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter." Id. If, however, "the statute is silent or ambiguous with respect to the specific issue," then the Court must proceed to step two and determine whether the agency's determination is "based on a permissible construction of the statute." Id.

In support of their position that this Court should defer to the BIA Rojas decision, Respondents rely on a recent decision of the Court of Appeals for the Fourth Circuit, Hosh v. Lucero, 680 F.3d 375 (4th Cir. 2012). In Hosh, the Fourth Circuit agreed that the statutory language was ambiguous, that the BIA's interpretation of § 1226(c) was reasonable, and that it must be accorded deference. Thus, the Fourth Circuit held that an alien is subject to mandatory detention under § 1226(c) even if there is a gap between the time of release from criminal incarceration and the time of detention by immigration authorities.

This Court finds more persuasive a decision of the Court of Appeals for the First Circuit, Saysana v. Gillen, 590 F.3d 7 (1st Cir. 2009), in which that Court found the "when ... released" language unambiguous and noted, albeit in a different context, that "[t]he statutory language embodies the judgment of Congress that such an individual should not be returned to the community pending disposition of his removal proceedings." Id. at 13.

The Court of Appeals for the Third Circuit has yet to rule on this issue.[4] Most of the courts within this district that have addressed the issue have held that the "when ... released"

---

[4] As of the writing of this Opinion, this statutory construction question is pending before the Third Circuit in two cases. See Sylvain v. Holder, C.A. No. 11-3357 (3d Cir. Docketed Aug. 31, 2011) and Desreosiers v. Hendricks, C.A. No. 12-1053 (3d Cir. Docketed Jan. 11, 2012).

language is unambiguous and requires the government to act <u>immediately</u> upon an alien's release from criminal custody and, when it does not, said alien is properly considered to be held under § 1226(a), which entitles him or her to a bond hearing.  <u>See</u>, <u>e.g.</u>, <u>Campbell v. Elwood</u>, Civil No. 12-4726 (PGS), 2012 WL 4508160 (D.N.J. Sept. 27, 2012); <u>Nimako v. Shanahan</u>, Civil No. 12-4909 (FLW), 2012 WL 4121102 (D.N.J. Sept. 18, 2012); <u>Parfait v. Holder</u>, Civil No. 11-4877 (DMC), 2011 WL 4829391 (D.N.J. Oct. 11, 2011); <u>Sylvain v. Holder</u>, Civil No. 11-3006 (JAP), 2011 WL 2580506 (D.N.J. June 28, 2011); <u>but see</u> <u>Desrosiers v. Hendricks</u>, Civil No. 11-4643 (FSH), 2011 U.S. Dist. LEXIS 154971 (D.N.J. Dec. 30, 2011) (holding that petitioner who was first detained while on probation, rather than immediately upon release from custody, was still subject to the mandatory detention of § 1226(c)); <u>Diaz v. Muller</u>, Civil No. 11-4029 (SRC), 2011 WL 3422856, *2 (D.N.J. Aug 4, 2011) ("[T]his Court does not concur that the statutory language [of § 1226(c)] is unambiguous and amenable to only one interpretation.  Nor does this Court perceive that the statutory language necessarily imposes a temporal requirement such that detention must occur immediately upon the alien's release.").

"'[S]tatutory language must be read in context [since] a phrase 'gathers meaning from the words around it.'"  <u>General Dynamics Land Systems, Inc. v. Cline</u>, 540 U.S. 581, 596 (2004) (citations omitted) (in construing a statutory prohibition against discrimination "because of [an] individual's age," the Court noted that "[t]he point here is that we are not asking an abstract question about the meaning of 'age'; we are seeking the meaning of the whole phrase").

Similarly, here, the context determines in what sense the word "when" is used in the statute under consideration and whether the use of the word "when," in that statute, is ambiguous.  This Court finds that, in the context of the entire provision, the "when ... released"

7

language is not ambiguous.  Absent a directive from the Third Circuit, this Court is not inclined to depart from that finding.

Petitioner's current detention by immigration authorities relates back to the conviction for which he was incarcerated until February 26, 2009.  He was released from custody on that date but was not detained in connection with immigration proceedings until June 26, 2012.  Accordingly, this Court holds that Petitioner may not be detained under § 1226(c), but that his current detention is pursuant to § 1226(a).  Accordingly, Petitioner is entitled to an individualized bond hearing before an immigration judge.

## IV.  CONCLUSION

For the reasons set forth above, this Court will grant the Petition to the extent that an immigration judge shall provide Petitioner with an individualized bond hearing, within ten (10) days after the date of entry of this Court's corresponding Order, to determine whether, and under what conditions, Petitioner may be released from custody pending the conclusion of the removal proceedings against him.

An appropriate order follows.

Dated: January 28, 2013

s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge